Judge Underwood,
delivered the opinion of the court.
Various persons styling themselves the, surviving heirs of Charles Williams, instituted an action of debt against the administrators of Cummins, upon an obligation executed by their intestate, to the “heirs of Charles Williams,” without further designation of the obligees. The defendants plead payment and set-off, for money lent and advanced by the intesiate to the plaintiff, and for money had and received by the plaintiffs, to the use of the intestate. On these pleas, issues were joined and verdict'and judgment rendered for the plaintiffs. Various exceptions were taken in the progress of the trial. An unsuccessful motion for a new trial was made, the evidence then'spread upon the record, and a writ of error prosecuted.
the defendant in hin own ris'>b off^ainst'a" debt claimed ^ri,m bimas
A demand tlue b.y an inbípleaded as a set-off to a bond givminístratela' Set-off'may be pleaded of ^ndant b^6" the person for whose benefit t^s™lttI0s(j P 'P
Á. demurrer was sustained to a pica of set-off. The ■ defendants then offered a substitute for the plea. The court rejected the substitute, as insufficient, and this is uss'gned for error. The court decided correctly. The proposed substitute, offered to set-off demands due the defendants in their own right, against the debt claimed from them as the representatives of Cummins, According to the adjudications under the English statute of set-off this could not he done; Bacon’s Abr. Title sei-off letter C. And although the language-oí the English Statute is variant from ours, still tbe decisions of this court on former'occasions, tend to the same thing. Thus, in Bibb, Adm’r of Crittenden vs. Sanders, II Bibb, 87, it is said, “debts sued for, and intended to be set-off must be due in the same right.”
In tire case of Burton, &c. vs. Chinn adm'r, Hardin, 252, it was decided, that a demand due by an intestate, • -cannot beheaded as a set-off !o a bond given to the administnxtor. The same doctrine has been maintained in several subsequent cases. Carlisle vs. Long, I Marshall, 486, and Ward vs. Martin, 111 Monroe, 19, prove, that the party beneficially interested in tbe suit as plaintiff may be compelled to submit to a set-off of demands upon him, by pleading them against the nomi- ■ nal plaintiff. Thus, the doctrine of set-off is made to reach the intrinsic merits of the case. If an administrator, by converting the assets into a c/ro,e in action, is personally entitled to the debt, so that claims against bis intestate cannot be pleaded as a-set-off reciprocity would require, that when ire is sued for the debts of his intestate in his fiduciary character, that; he should not be permitted to use his own debts in defence, as a set-off. Were such a defence derated, the plaintiff should ■be permiited to reply a debt due him individually,by tbe administrator defendant, and thus it would happen, that a suit instituted to settle and adjust a demand against the estate of the deceased, might be lost sight of in the new controversy between living individuals, in relation to their own personal maiters. Such a departure would lead to confusion, and cannot, therefore, be indulged.
The variance between the writ and declaration could not avail the plaintiff in error, except as .matter *386 in abatement; White vs. Walker, I Monroe, 35; also, Pendleton vs. Bank of Ky. Ibid, 174.
That the persons named as plaintiffs, were the heir6 of Charles Williams, was admitted by the state of the1 pleadings. If the defendants intended to contest that fact, they should have questioned it by plea.
The jury, found for the plaintiff the debt in the declaration mentioned, and one cent in damages, subject to Certain credits. On this verdict, the court gave judgment in favor of the plaintiffs for the debt mentioned in the declaration, with interest thereon at the rate of six per cent, per annum, from the time it became due, until paid, together with the damages by the jury assessed, and also, costs of suit. It is insisted, that the judgment is erroneous, and ought to have been arrested because it could not have been taken for the interest and damages both. In support of this aqg^nent, the case of Diggs vs. Bolware, II Litt. 248, nSrelied on. The case of Taul vs. Moore, Hardin, 90, is directly in point, and shows that the judgment was properly rendered. If, as in the case of Diggs vs. Bolware, the jury bad found more than nominal damages, and thereby, evinced an intention to compensate the interest by the damages assessed, then it would be erroneous to render a judgment for the interest and damages both; see also, Read vs. Bank of Ky. I Mon. 93, in support of this judgment.
We perceive no error in the refusal of the court to grant the' new trial. The affidavit of the defendant Grimes, set forth no facts from which the court could decide, that a new trial, if granted, must eventuate differently. It merely states the belief of the defendant, as to what he would be able to do on a new trial, without •stating the grounds on which that belief was ¿bunded. This is altogether too uncertain.
We perceive no error, in permitting the plaintiffs to release a part of their judgment, or rather to give an additional credit. We perceive nothing in the record, which made it the duty of the jury, to allow the defendants . credit for the balance of the order drawn by Sandford Williams in favor of Rorby. Who Sand-ford Williams is, does not appear. He is not one of the plaintiffs, and there is no evidence that he was one *387 of the heirs of Charles Williams. If .he was an heir, and had departed this life before the institution of this suit, the plaintiffs in error have failed to exhibit the fact upon the record before us.
Grimes, for plaintiff;; Talbot, for defendants.
The judgment of the circuit court is affirmed with ■costs.